IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 30 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| KURTIS KEITH LOWE, | § | |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-112-A |
| | § | (NO. 4:15-CR-154-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kurtis Keith Lowe ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:15-CR-154-A, styled "United States of America v. Kurtis Keith Lowe, et al.," the court has concluded that the motion should be dismissed.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 11, 2015, movant was named along with a co-defendant in a one-count information charging him with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371. CR Doc.[1] 25. On July

---

[1]The "CR Doc. __ " reference is to the number of the item on the docket in the underlying
(continued...)

10, 2015, movant appeared for arraignment and pleaded guilty to the count of the information. CR Doc. 34. He signed a waiver of indictment, CR Doc. 35, and a factual resume setting forth the penalties he faced, the elements of the crime to which he pleaded, and the facts to which he stipulated that established the crime. CR Doc. 36. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 84.

On October 23, 2015, the court sentenced movant to a term of imprisonment of 60 months and ordered him to pay restitution of $2,373,462.70. CR Doc. 85; CR Doc. 66. Movant appealed. CR Doc.

---

[1](...continued)
criminal case.

2

73. His counsel filed an <u>Anders</u>[2] brief and the appellate court allowed him to withdraw, dismissing the appeal as presenting no non-frivolous issues. <u>United States v. Lowe</u>, 669 F. App'x 712 (5th Cir. 2016). Movant did not file a petition for writ of certiorari.

II.

<u>Grounds of the Motion</u>

Movant asserts four grounds in support of his motion. As best the court can tell, he urges: (1) his counsel misinformed him regarding provisions of the Speedy Trial Act, Doc.[3] 1 at 4; (2) his counsel suffered from a conflict of interest, <u>id.</u> at 5-6; (3) the undersigned should have recused, <u>id.</u> at 6-7; and, (4) the government must demonstrate compliance with the Appointment Clause of the U.S. Constitution, <u>id.</u> at 7.

III.

<u>Standards of Review</u>

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32

---

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

[3]The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

(5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The United States Court of Appeals for the Fifth Circuit dismissed movant's appeal on October 18, 2016. Lowe, 669 F. App'x 712. Movant did not petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on January 16, 2017. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until February 2018, after the time for doing so had expired.[4]

Movant has not made any attempt to establish that equitable tolling should be applied. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)(burden on movant). Rather, he relies on the mistaken position that the time for filing a petition for certiorari ran from the date of the mandate of the Fifth Circuit. The court notes that movant would not be entitled to equitable tolling in any event as he has not shown the exercise of any diligence. Nor has he shown that any extraordinary circumstance

---

[4] The certificate of service reflects that it was signed on February 6, 2018. Doc. 1 at 20. The envelope in which the motion arrived reflects that it was placed in the prison mail on February 7, 2018. Id. at 22.

6

prevented him from timely filing his motion. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010).

Even had movant timely filed his motion, it is without merit. The ineffective assistance of counsel grounds are vague and conclusory and insufficient to raise a constitutional issue. <u>Miller</u>, 200 F.3d at 282; <u>Green v. Johnson</u>, 160 F.3d 1029, 1042 (5th Cir. 1998). Any contention that movant's plea was not knowing and voluntary is belied by the record, including his solemn declarations in open court. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). By pleading guilty, movant waived all non-jurisdictional defects in the proceedings against him, including Speedy Trial violations. <u>United States v. Bell</u>, 966 F.2d 914, 915 (5th Cir. 1992); <u>Barrientos v. United States</u>, 668 F>2d 838, 842 (5th Cir. 1982). There is no factual or legal support for the third and fourth grounds of the motion.

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

7

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 30, 2018.

JOHN McBRYDE
United States District Judge